NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS A. HIRANO,<br>Plaintiff,<br>v.<br>LT. WILLIAMS et al.,<br>Defendants. | No. CV 13-2371 DMG (AGR)<br><br>Hon. Alicia G. Rosenberg |

NOTE CHANGES MADE BY THE COURT

[~~PROPOSED~~] PROTECTIVE ORDER BASED UPON THE STIPULATION OF THE PARTIES

NOTE CHANGES MADE BY THE COURT

1  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure,
2  the Court enters this Protective Order upon the joint stipulation of the parties, filed
3  herein, and it appearing to the Court that such order should be issued, therefore,
4  IT IS HEREBY ORDERED THAT:
5  The Court issues this Protective Order to permit Defendants to release confidential
6  or sensitive information and documents which the Defendants deem to be appropriate
7  subjects for initial and other disclosures, for responses to discovery, for use in motions,
8  for preparation for trial and for use in trial. The Protective Order shall apply to
9  confidential or sensitive information and documents produced by third-party federal,
10 state and local agencies, and their respective officials, employees or agents.
11 Defendants are permitted to produce: (1) grievances, complaints and
12 administrative remedies, including the responses and rejection notices that Plaintiff had
13 filed while at USP Victorville and FCI Mendota from the period February 2010 until
14 December 2012; (2) BOP program statements, policies directives and any other
15 instruction to staff in regards to the placement of inmates in cells, including cells that do
16 not have sink, toilet or any running water. This includes Observation cells and "Four
17 Point" cells; (3) logs, lists, custody sheets or housing information for the period August 1
18 through 30, 2011; (4) Internal Affairs and Bureau of Prisons Investigations in regards to
19 the allegations in the complaint; and (5) Plaintiff's grievances, complaints and
20 administrative remedies, including responses or any other documentation generated as a
21 result of being placed in a cell without a toilet, sink or running water (Hereinafter the
22 aforementioned items are collectively referred to as the "Protected Information").
23 The parties may at any time, by separate written stipulation, add additional
24 documents or materials to the defined "Protected Information."
25 The Protected Information documents will be redacted prior to disclosure to
26 remove 1) the names of non-parties referred to therein, 2) personal data identifiers
27 contained therein (if any) such as social security numbers, birth dates, FBI numbers,
28 financial account numbers, and home addresses, 3) photographs of BOP personnel, and

4) financial data (if any) for parties and nonparties, such as wage and property records.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to:

1. counsel of record for the parties;

2. plaintiff with the following conditions: Certain portions of the Protected Information, as deemed necessary by the BOP, can only be viewed by plaintiff in the presence of designated BOP staff, but plaintiff but shall not be given a copy thereof to retain. At all times, BOP staff will retain custody and possession of the Protected Information. Upon timely notice and request by plaintiff, designated BOP staff will produce a copy of the Protected Information for inspection by plaintiff while in the presence of the designated BOP staff. This information or documentation may only be used by plaintiff for purposes relating to this litigation and may not be disseminated to anyone else, including but not limited to other inmates. This inspection method shall apply to any and all BOP facilities in which plaintiff may be housed during the course of this action. This procedure is necessary to ensure that this Protected Information will not be disseminated to other inmates who may have access to plaintiff's cell or property.

3. defendant(s) (who were not already in possession of such documents), provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;

4. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or

5. non expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a

1  confidentiality agreement in the form attached hereto as Exhibit A.  Said non expert
2  witnesses shall be permitted to review the Protected Information in the presence of
3  counsel, but shall not be given a copy thereof to retain.
4     All documents, pleadings, or transcripts of deposition testimony filed in this
5  litigation, ~~including any appeal,~~ that contain or disclose the contents of the Protected
6  Information shall be submitted *with an application to file* under seal pursuant to Local Rule 79-5 governing
7  confidential court records.
8     At the conclusion of this litigation, including any appeal taken therefrom, all
9  originals or reproductions of the Protected Information shall be returned to defendants'
10 counsel within 30 days of the termination of the action, including copies provided to
11 expert consultants/witnesses.
12    This shall not include documents (1) that have been filed with the Court or (2) that
13 contain notations of counsel or experts/consultants, in which case they are to be
14 destroyed by plaintiff and/or plaintiff's counsel within 30 days of the termination of the
15 action.
16    Upon completion of this action, including any appeal taken therefrom, plaintiff
17 and/or plaintiff's counsel shall certify *to defense counsel* ~~to this Court~~ that they have irretrievably destroyed
18 all documents which are the subject of this Protective Order.  They shall further certify
19 that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the
20 Federal Rules of Evidence, that they have made of such documents.
21    This Protective Order is not intended to compromise the rights of any party to
22 object to discovery pursuant to the Federal Rules of Civil Procedure or any other
23 governing authority nor is it intended to alter any burden of proof regarding any
24 assertion of privilege in this matter. This Protective Order permits defendants to produce
25 the Protected Information, but does not constitute an order requiring production.
26    Nothing in this Protective Order shall prohibit a party from seeking further
27 protection of the Protected Information by stipulation among the parties, approved by the
28 Court, or by application to the Court directly.

1     Nothing in this Protective Order constitutes a waiver of any party's right to seek a
2 Court Order permitting the future use and/or production of unredacted copies of the
3 Protected Information.
4     Nothing in this Protective Order constitutes a waiver of defendants' right to use,
5 disclose or disseminate the Protected Information in accordance with the provisions of
6 the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.
7 ~~Neither the United States Department of Justice, including the BOP and the~~
8 ~~United States Attorney's Office, nor any of its officers, agents employees, or attorneys,~~
9 ~~shall bear any responsibility or liability for any disclosure of any documents obtained by~~
10 ~~the parties under this Stipulation for a Protective Order, or of any information contained~~
11 ~~in such documents.~~

[AGR initials in margin]

12     This Protective Order does not constitute any ruling on the question of whether
13 any particular document or category of information is properly discoverable or
14 admissible and does not constitute any ruling on any potential objection. Other than
15 explicitly set forth herein this Protective Order does not apply to any information or
16 documents subject to a claim of privilege or other basis of exclusion, and this Protective
17 Order shall not be precedent for adopting any procedure with respect to the disclosure of
18 any such other information.

19 DATED: 9/15/2014

                                                    */s/ Alicia G. Rosenberg*
                                                     Alicia G. Rosenberg
                                                     Magistrate Judge

Presented by:

STEPHANIE YONEKURA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB (Cal. Bar No. 137909)
Assistant United States Attorney

    /s/ Keith Staub

EXHIBIT "A"

I have read and I understand the Stipulation For Protective Order; Protective Order entered by the Court in the case *Hirano v. United States et al.*, Case No. CV 13-2371 DMG (AGR), and I agree to be bound by its terms.

DATED:

                         Signature

                         Printed Name